**COMP**
LEILA L. HALE, ESQ.
Nevada Bar No.: 7368
JOHN C. FUNK, ESQ.
Nevada Bar No.: 9255
HALE INJURY LAW
1661 W. Horizon Ridge Pkwy.
Suite 200
Henderson, NV 89012
Phone: (702) 736-5800
Fax: (702) 534-4655
lhale@haleinjurylaw.com
funk@haleinjurylaw.com
*Attorney for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHERRIE LYNN LEWIS,<br><br>  Plaintiff,<br>vs.<br><br>BASHIR H. NONE ABDI, individually; TRANSCO LINES, INC.; DOES 1-5, inclusive; and ROE CORPORATIONS, 1-5, inclusive,<br><br>  Defendants. | CASE NO.: A-18-768860-C<br><br>DEPT. NO.: Department 18<br><br>**COMPLAINT** |

COMES NOW Plaintiff, SHERRIE LYNN LEWIS, by and through her attorneys, LEILA L. HALE, ESQ. and JOHN C. FUNK, ESQ. of HALE INJURY LAW, and for her causes of action against Defendants, and each of them, alleges as follows:

1.      That Plaintiff, SHERRIE LYNN LEWIS, was at all times relevant to this action a resident of Las Vegas, Nevada.

2.      Upon information and belief, that at all times relevant to this action Defendant, BASHIR H. NONE ABDI, is and was a resident of Columbus, Ohio, and was driving the

automobile owned by Defendant, TRANSCO LINES, INC., and/or Defendant DOE OWNER at the time of the collision.

3. That at all times relevant to this action, Defendant DOE DRIVER is and was a resident of Columbus, Ohio, and was driving the automobile owned by Defendant, TRANSCO LINES, INC., and/or Defendant DOE OWNER at the time of the incident herein described.

4. That at all times relevant to this action, Defendant DOE OWNER, is and was a resident of Russellville, Arkansas, and was the registered owner of the automobile being operated by Defendant, BASHIR H. NONE ABDI, and/or Defendant DOE DRIVER at the time of the collision.

5. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V, are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names. PLANTIFF is informed and believe and thereon allege that each of the Defendants designated herein as DOE are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V, when the same have been ascertained, and to join such Defendants in this action.

6. All the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

7. That on or about December 23, 2016, Plaintiff, SHERRIE LYNN LEWIS, was operating and driving a motor vehicle, (hereinafter referred to as "Plaintiff's Vehicle"), a 2015 Nissan Altima Sedan, in Clark County, Nevada.

8. That on or about December 23, 2016, Defendant, BASHIR H. NONE ABDI, and /or

Defendant DOE DRIVER, was operating and driving a motor vehicle, A 2017 Peterbilt Truck Tractor Semi (hereinafter referred to as "Defendant's Vehicle), in Clark County, Nevada.

9. That on or about December 23, 2016, Defendant, BASHIR H. NONE ABDI, and/or Defendant DOE DRIVER was the operator of Defendant's Vehicle when he failed to exercise due care in safely operating Defendant's Vehicle. Plaintiff, SHERRIE LYNN LEWIS, was traveling southbound on Paradise Road in lane 2 of the left turn lane at Convention Center Drive. Defendant, BASHIR H. NONE ABDI, was traveling southbound on Paradise Road driving a tractor trailer semi and was in left turn lane 1. When turning onto Convention Center Drive, Defendant, BASHIR H. NONE ABDI, suddenly and without warning, switched lanes into left turn lane 2 to make a wide left turn striking Plaintiff's vehicle causing damage to her person and property.

10. That upon information and belief, Defendant, BASHIR H. NONE ABDI, and or Defendant DOE OWNER, knew or should have known that Defendant, BASHIR H. NONE ABDI, and/or Defendant DOE DRIVER, was an inexperienced or incompetent driver but still entrusted Defendant's Vehicle to Defendant, BASHIR H. NONE ABDI, and/or Defendant DOE DRIVER.

11. That the collision occurred in Clark County, Nevada.

**FIRST CAUSE OF ACTION-NEGLIGENCE**

12. Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 11, above, as though completely set forth herein.

13. That at the time of the accident herein complained of, and immediately prior thereto, Defendants, and each of them, in breaching a duty owed to PLAINTIFF, were negligent and careless, inter alia, in the following particulars:

A. In failing to keep Defendant's Vehicle under proper control;

B. In operating Defendant's Vehicle without due caution for the rights of the Plaintiff;

C. In failing to keep a proper lookout for Plaintiff's Vehicle;

D. Negligent entrustment;

E. Vicarious liability through the operation of NRS 41.440;

F. Respondeat superior;

G. The Defendants, and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances and PLAINTIFF will pray leave of Court to insert the exact citations of any other violations at the time of trial.

14. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, PLAINTIFF has suffered physical injury and was otherwise injured in and about her neck, back, legs, arms, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to her damage in an amount in excess of $15,000.00.

15. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, PLAINTIFF has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

16. Prior to the injuries complained of herein, PLAINTIFF was able-bodied, capable of being gainfully employed and capable of engaging in all other activities for which PLAINTIFF was

caused to be disabled and limited and restricted related to occupation and activities, which caused PLAINTIFF a loss of wages in an amount unascertainable at this time, and/or diminution of PLAINTIFF'S earning capacity and future loss of wages, all to her damage in a sum not yet presently ascertainable, the allegations of which PLAINTIFF prays leave of Court to insert herein when the same shall be fully determined.

17.   PLAINTIFF has been required to retain the law office of HALE INJURY LAW to prosecute this action, and is entitled to a reasonable attorney's fee.

## SECOND CAUSE OF ACTION-NEGLIGENCE PER SE

18.   Plaintiff repeats and realleges her claims as set forth in Paragraphs 1-17 above and incorporates the same as though fully set forth therein.

19.   That Defendant, BASHIR H. NONE ABDI, as well as Defendant DOES(s) and ROE(s) violated certain municipal, city and state regulations, statutes and laws in the operation of the vehicle and thus directly and proximately caused a collision resulting in injuries to Plaintiff. Plaintiff belongs to a class of persons that the aforementioned rules, regulations, statutes and laws were intended to prevent.  That Defendant owed Plaintiff a duty to comply with the aforementioned municipal, city and state rules, regulations, statutes and laws in the operation of the vehicle and that by causing an accident, Defendants violated their duty to Plaintiff.

20.   That Defendant, BASHIR H. NONE ABDI, as well as DOE and ROE Defendants' actions violated various municipal, city and state regulations, rules, statutes and laws and thus directly and proximately causing a collision between Plaintiff's vehicle and the vehicle driven by the Defendant wherein Plaintiff sustained injuries. Plaintiff belongs to the class of persons that the aforementioned rules, regulations, statutes and laws were intended to prevent. That Defendants' owed Plaintiff a duty to comply with the aforementioned municipal, city and state rules.

Regulations, statutes and laws in the operation of the vehicle and that by causing an accident Defendants violated their duty to Plaintiff.

21. That Defendant TRANSCO LINES, INC., is responsible for the acts of the Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, and each of them, under the Doctrine of Agency and Respondeat Superior.

22. That as a direct and proximate result of the negligence and carelessness of the Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind resulting in general damages in excess of Fifteen Thousand Dollars ($15,00.00) for which Defendants' are jointly and severally liable.

23. That as a direct a proximate result of the negligence and carelessness of the Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, Plaintiff incurred expenses for medical care and treatment in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

24. That prior to the injuries complained of herein, Plaintiff, SHERRIE LYNN LEWIS, was able-bodied, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was caused to be disabled and limited and restricted related to occupation and activities, which caused Plaintiff a loss of wages in an amount unascertainable at this time and/or diminution of Plaintiff's earning capacity and future loss of wages all to her damage in a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of this Court to insert herein when the same shall be fully determined.

25. Plaintiff has been required to retain the law office of HALE INJURY LAW to prosecute this action, and is entitled to a reasonable attorney's fee.

///

## THIRD CLAIM FOR RELIEF-NEGLIGENT ENTRUSTMENT

26. Plaintiff repeats and realleges her claims as set forth in Paragraphs 1-25 above and incorporates the same as though fully set forth herein.

27. The vehicle operated by Defendant, BASHIR H. NONE ABDI, and/or DOE and ROE Defendant was owned by Defendant, TRANSCO LINES, INC. That in such case, Defendant knowingly entrusted said vehicle to Defendant, BASHIR H. NONE ABDI, and/or DOE and ROE Defendants who were incompetent and/or inexperienced to operate the same. That Defendant, TRANSCO LINES, INC.'s entrustment of said vehicle to Defendant, BASHIR H. NONE ABDI, and/or DOE and ROE Defendants was also the legal and/or proximate cause of Plaintiff's injuries and as a result of said entrustment, Plaintiff suffered injuries as set forth herein.

28. That Defendant, TRANSCO LINES, INC., owed a duty to Plaintiff and breached that duty by knowingly entrusting a vehicle to an inexperienced and/or incompetent person. That as a result of the breach, Defendant, TRANSCO LINES, INC., and/or DOE and ROE Defendants caused damage to Plaintiff's person and property.

29. That Defendant, TRANSCO LINES, INC., is responsible for the acts of Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, and each of them under the Doctrine of Agency and Respondeat Superior.

30. That as a direct and proximate result of the negligence and carelessness of the Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, and each of them, Plaintiff was seriously injured and caused Plaintiff to suffer great pain of body and mind resulting in general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) for which Defendants are jointly and severally liable for.

///

31. That as a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has incurred expenses for medical care and treatment in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. That prior to the injuries complained of herein, Plaintiff was able bodied, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was caused to be disabled and limited and restricted related to occupation and activities, which caused Plaintiff a loss of wages in an amount unascertainable at this time, and/or diminution of Plaintiff's earning capacity and future loss of wages, all to her damage in a sum not yet presently ascertainable, the allegations of which Plaintiff pray leave of this Court to insert herein when the same shall be fully determined.

33. That Plaintiff has been required to retain the law office of HALE INJURY LAW to prosecute this action, and is entitled to a reasonable attorney's fee.

WHEREFORE, plaintiff expressly reserving the right herein to include all items of damage, demands, judgment against de Defendants, and each of them, as follows:

CLAIMS FOR RELIEF:

1. General damages for Plaintiff, SHERRIE LYNN LEWIS, in an amount in excess of $15,000.00;

2. Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Special damages for the damage caused to Plaintiff's Vehicle, and for the loss of use of that vehicle;

4. Lost wages and diminished earning capacity;

5. Costs of this suit;

6. Attorney's fees;

7. Pre- and post-judgment interest; and

8. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 2ND day of February, 2018.

                HALE INJURY LAW

                LEILA L. HALE, ESQ.
                Nevada Bar No.: 7368
                JOHN C. FUNK, ESQ.
                Nevada Bar No.: 9255
                HALE INJURY LAW
                1661 W. Horizon Ridge Pkwy.
                Suite 200
                Henderson, NV 89012
                Phone: (702) 736-5800
                Fax: (702) 534-4655
                *Attorney for Plaintiff*